UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW KEENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:17-cv-00403-JDL |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

### I. INTRODUCTION

Matthew Keene brings this action against the Maine Department of Corrections and eighteen of its current and former employees (collectively, the "Department"), alleging that he was abused when he was a resident of the Maine Youth Center,[1] a juvenile detention facility. Keene was intermittently confined at the Maine Youth Center in the 1990s, until he was bound-over to an adult facility at the age of seventeen. He attained age 18, the age of majority, in 1999. His initial Complaint in this action was filed more than seventeen years later, on October 13, 2017 (ECF No. 1).

In his Amended Complaint, which was filed on February 2, 2018 (ECF No. 35), Keene alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution (Counts I-IX, XV-XVI); Title II of the Americans

---

[1] The Maine Youth Center is currently named the "Long Creek Youth Development Center." ECF No. 35 at ¶ 2; ECF No. 36 at 1. It was previously named the "Southern Maine Juvenile Facility." ECF No. 35 at ¶ 2; ECF No. 36 at 1. I defer to the parties' naming convention and refer to it as the Maine Youth Center.

with Disabilities Act (Count X); and asserts four state law tort claims (Counts XI-XIV). The Amended Complaint indicates that some of the alleged violative conduct involved sexual acts toward a minor. *See* ECF No. 35 at ¶¶ 131-138. The Department has responsively filed a Motion for Separate Trials (ECF No. 36) and a Motion to Stay the Scheduling Order (ECF No. 37). Keene opposes both Motions (ECF Nos. 38 and 40), and has filed a Motion to Enlarge the Scheduling Order (ECF No. 38). For the reasons explained below, I deny the Department's Motion for Separate Trials and defer ruling on the remaining Motions.

## II. LEGAL ANALYSIS

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b). "The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court,'" and the party requesting separate trials bears the burden of proving that separation is necessary. *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003) (quoting *Gonzalez-Marin v. Equitable Life Assurance Soc'y*, 845 F.2d 1140, 1145 (1st Cir. 1988)); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2017). Courts considering separate trials have to weigh a number of factors, including whether separation will (1) expedite a case's disposition; (2) conserve judicial resources; (3) avoid potential prejudice; and (4) the "issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings."

2

*Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 7-8 (D. Me. 2004); *see also* Wright & Miller, *supra*, § 2388 ("[T]he repetitive trial of the same issue in severed claims is not to be the usual course.").

The Department's Motion seeks to separate this case into two separate trials: the first on whether the statute of limitations tolled, and, if necessary, a second on liability and damages. The Department contends that all of Keene's claims stem from alleged conduct that occurred in the 1990s, well outside the bounds of the six-year limitations period applicable to civil actions generally, 14 M.R.S.A. § 752 (2018),[2] and the two-year limitations period applicable to tort claims against governmental entities and employees, 14 M.R.S.A. § 8110 (2018), pursuant to the Maine Tort Claims Act.[3] *See* ECF No. 36 at 2-3. Both limitations periods are tolled, however, during periods in which a plaintiff is a minor, mentally ill, or imprisoned, and they begin to run only "after the disability is removed." 14 M.R.S.A. § 853 (2018).[4]

---

[2] Section 752 provides, in relevant part: "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . except as otherwise specially provided." 14 M.R.S.A. § 752.

[3] Section 8110 provides, in relevant part:

> Every claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues, except that, if the claimant is a minor when the cause of action accrues, the action may be brought within 2 years of the minor's attaining 18 years of age.

14 M.R.S.A. § 8110.

[4] Section 853 provides:

> If a person entitled to bring any of the actions under sections 752 to 754, including section 752-C, and under sections 851 and 852 and Title 24, section 2902 and, until July 1, 2017, section 2902-B is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

14 M.R.S.A. § 853.

3

Here, Keene alleges that he suffered from severe mental and emotional illnesses – including Post-Traumatic Stress Disorder ("PTSD"), depression, and anxiety – due to the trauma and abuse that he experienced while confined at the Maine Youth Center. He argues that his claims tolled while he was disabled by those illnesses. Thus, for Keene's claims to survive, a trier of fact must conclude that during the period between the alleged conduct and the assertion of his claims, Keene's "overall inability to function in society [] prevent[ed him] from protecting [his] legal rights." *Bowden v. Grindle*, 675 A.2d 968, 971 (Me. 1996) (internal quotation marks and emphasis omitted); *see also Douglas v. York Cty*, 433 F.3d 143, 144 (1st Cir. 2005).

The Department argues that the tolling question is both limited in nature and decisive. First, it asserts that if the statute of limitations is not tolled based on Keene's mental illness, then the entire case is time-barred; thus, a verdict for the Department on the tolling question will dispose of the case. *See* ECF No. 36 at 4. The Department next contends that the factual disputes related to the tolling question are both separate from, and far narrower than, the factual disputes related to the liability and damages issues. *See* ECF No. 36 at 5. Thus, it argues, the discovery and trial on the tolling question would be focused, limited, and potentially decisive, while the discovery and trial related to the liability and damages issues will be far more expansive given the number of defendants (eighteen) and the span of the alleged conduct (approximately five years). *Id.* For the reasons that follow, I find the Department's arguments unpersuasive.

Despite the Department's argument to the contrary, separate trials would be inefficient because the facts relevant to tolling and to liability and damages are

4

largely the same. Keene bears the burden of proving that the tolling provision (14 M.R.S.A § 853) applies, *see Angell v. Hallee*, 36 A.3d 922, 926 (Me. 2012), and to do so he must demonstrate the existence and the severity of his mental illness. *See Bowden*, 675 A.2d at 971. Keene asserts that, due to the nature of his proffered mental illness, a broad swath of evidence related to the trauma and abuse that he alleges he suffered during his confinement at the Maine Youth Center must be considered in order to delineate the extent of his illness. *See* ECF No. 40 at 3. In other words, Keene claims that his mental illness stems from the same conduct and events that form the basis of his claims for money damages. *See id.*

The Department disputes Keene's contention that a trial on the tolling question will require development of facts concerning how his alleged illness developed. *See* ECF No. 42 at 2. It does not deny, however, that Keene is required to demonstrate the existence and extent of his illness, and it fails to explain how the severity of Keene's PTSD, depression, and anxiety can be proved without exploring the underlying circumstances that allegedly triggered or aggravated them. *Id.* Thus, the Department has failed to adequately explain how the "issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings." *Thorndike*, 220 F.R.D. at 8. Thus, the facts concerning the tolling are inextricably intertwined with the facts concerning the Department's liability and Keene's damages. Accordingly, separate trials would be unnecessarily repetitive and an ineffective use of the parties' and the Court's resources.

In addition to its arguments with respect to the limited nature of a trial on the tolling question, the Department also argues that separate trials would be economical because a verdict in its favor on the tolling question would render all of Keene's claims time-barred, effectively disposing of the case. *See* ECF No. 36 at 4. This argument is similarly unpersuasive. Keene asserts that some of the alleged conduct underlying his claims constitutes sexual acts toward a minor, which, under 14 M.R.S.A. § 752-C (2018) ("§ 752-C"), are generally exempt from statutes of limitations. The Department disputes Keene's position, asserting that § 752-C does not create an exception to the Maine Tort Claims Act's two-year limitations period on tort claims brought against governmental entities and employees. *See* 14 M.R.S.A. § 8110. The Department reasons that, because there is no separate cause of action for sexual acts toward a minor, and § 752-C does not directly reference the Maine Tort Claims Act, § 752-C does not apply to actions that are subject to the Maine Tort Claims Act. *See* ECF No. 42 at 1-2.

The Department's interpretation of § 752-C belies both the statute's plain language and the relevant precedent. Section 752-C(1) states in no uncertain terms: "No limitation. Actions based upon sexual acts toward minors may be commenced at any time." 14 M.R.S.A § 752-C(1). This plain language does not create a cause of action, but rather establishes a rule of general applicability that applies whenever an action's factual basis involves a sexual act toward a minor. To that end, § 752-C does not distinguish which statutes fall inside or outside of its reach.

If the Legislature had intended to keep the Maine Tort Claims Act beyond the bounds of § 752-C it could have done so; the Act's two-year limitations period was in

6

effect when the Legislature enacted § 752-C's current iteration. *Compare* Act Regarding the Statute of Limitations for Sexual Misconduct with a Minor, P.L. 1999, ch. 639, § 1 (codified as amended at 14 M.R.S.A § 752-C) *with* Act to Amend the Maine Tort Claims Act, P.L. 2001, ch. 249 (codified as amended at 14 M.R.S.A. § 8110). Yet, § 752-C contains no limiting language, indicating that it establishes a general exception. The Law Court has similarly avoided limiting language in characterizing § 752-C, explaining that, "[s]tarting in 1985, the Legislature amended the statute of limitations several times, extending and eventually eliminating the limitations period for claims involving sexual acts toward minors." *Angell*, 36 A.3d at 924. This is also true of precedent from this District, which has characterized § 752-C as "lift[ing] any statute of limitations for claims based on sexual acts toward minors." *Guptill v. Martin*, 228 F.R.D. 62, 64 (D. Me. 2005). The Department offers no reason to interpret § 752-C differently here.

Thus, a tolling trial could not be decisive, because even in the event of a verdict in the Department's favor, the claims based on alleged conduct involving sexual acts toward a minor would still proceed to a liabilities and damages trial. It follows that separating Keene's claims into two trials would not advance judicial economy in this case.

### III. CONCLUSION

For the foregoing reasons, the Department's Motion for Separate Trials (ECF No. 36) is **DENIED**. Rulings on the Department's Motion to Stay the Scheduling Order (ECF No. 37) and Keene's Motion to Enlarge the Scheduling Order (ECF No. 38) are **DEFERRED**, and the parties shall confer and propose a joint scheduling

7

order within ten days of the publication of this Order.  If the parties cannot come to an agreement with respect to a joint scheduling order, the Court will schedule a case management conference.

**SO ORDERED.**

**Dated this the 11th of April 2018.**

                                               **/s/ JON D. LEVY**
                                             **U.S. DISTRICT JUDGE**